UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>KATHERINE S. LEE,<br><br>    Defendant. | Case No. 24-cv-04228-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

## I.   INTRODUCTION

Plaintiff David Robinson brings this case against Defendant Katherine S. Lee based on architectural barriers he encountered at Loard's Ice Cream in Oakland, California. He alleges violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act. Defendant now moves the Court to decline supplemental jurisdiction over the Unruh Act claim and dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 10. Plaintiff filed an Opposition (ECF No. 13) and Defendant filed a Reply (ECF No. 14). The Court finds this matter suitable for disposition without oral argument and **VACATES** the November 21, 2024 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.   BACKGROUND

Plaintiff is a paraplegic who requires a wheelchair to facilitate his mobility because of a spinal cord injury. Compl. ¶¶ 9-10, ECF No. 1. Defendant owns Loard's Ice Cream, located at 5942 MacArthur Boulevard in Oakland, California. *Id.* ¶¶ 1, 4. On June 21, 2024, Plaintiff went to visit Loard's Ice Cream to get some ice cream, but he was deterred by a number of architectural

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 12.

1  barriers, including a disabled-access parking space that was not well maintained and lacked

2  signage, and a pathway into Loard's that was blocked by multiple standing signs. *Id.* ¶¶ 15-19.

3        Plaintiff filed this case on July 15, 2024, alleging two causes of action: (1) violation of the

4  ADA, 42 U.S.C. § 12101, et seq.; and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code

5  §§ 51-53. *Id.* ¶¶ 26-55. He seeks injunctive relief, damages of at least $25,000, and attorney's

6  fees and costs. *Id.* at 6.

7        Defendant filed the present motion on September 25, 2024.

### III.   LEGAL STANDARD

9        Federal district courts are courts of limited jurisdiction: "They possess only that power

10  authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*

11  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t

12  is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing

13  the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto.*

14  *Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). There is no dispute that the Court has jurisdiction

15  over Plaintiff's ADA claim.

16        Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall

17  have supplemental jurisdiction over all other claims that are so related to claims in the action

18  within such original jurisdiction that they form part of the same case or controversy under Article

19  III of the United States Constitution." The Ninth Circuit has concluded that ADA and Unruh Act

20  claims that derive from a common nucleus of operative fact "form part of the 'same case or

21  controversy' for purposes of [Section] 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir.

22  2021). However, even where supplemental jurisdiction over a claim exists under Section 1367(a),

23  the Court may decline jurisdiction over the claim if: "(1) the claim raises a novel or complex issue

24  of State law, (2) the claim substantially predominates over the claim or claims over which the

25  district court has original jurisdiction, (3) the district court has dismissed all claims over which it

26  has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons

27  for declining jurisdiction." 28 U.S.C. § 1367(c)(1)-(4).

28        Pertinent here, courts deciding whether to apply Section 1367(c)(4) must make "a two-part

2

1    inquiry." *Arroyo*, 19 F.4th at 1210.  "First, the district court must articulate why the circumstances

2    of the case are exceptional within the meaning of [Section] 1367(c)(4)." *Id.* (internal quotation

3    marks and citations omitted).  "Second, in determining whether there are compelling reasons for

4    declining jurisdiction in a given case, the court should consider what best serves the principles of

5    economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine

6    articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)]." *Id*. (internal

7    quotation marks and citations omitted).

## IV.   DISCUSSION

Plaintiff first argues Defendant's motion is untimely because she filed an answer on September 5, 2024.  Opp'n at 1 (citing Def.'s Answer, ECF No. 9).  Plaintiff correctly quotes the language from Rule 12(b) that instructs: "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  But the deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3), which provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Indeed, "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) ("Wood's assertion that the 12(b)(1) motion was untimely is simply wrong," as "the deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3).").  Thus, Defendant's motion is properly before the Court pursuant to Rule 12(h)(3).

Turning to the first part of the two-step inquiry under Section 1367(c)(4)—whether the circumstances here are exceptional—there is little doubt this prong is satisfied because the same "underlying legal dynamics" are present in this case as the Ninth Circuit has recognized as "exceptional circumstances" under Section 1367(c)(4).  *See Arroyo*, 19 F.4th at 1213; *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022).  The California Legislature has enacted additional procedural requirements (including a heightened filing fee) for "construction-related accessibility suits" and "high-frequency litigants" bringing such suits, amid concerns that some parties were abusing the

3

1    Unruh Act by "demanding quick money settlement[s] from California business owners without
2    seeking and obtaining actual repair or correction of the alleged violations on the site." *Arroyo*, 19
3    F.4th at 1206 (internal quotation marks and citation omitted); *see* Cal. Civ. Code § 55.31(b); Cal.
4    Civ. Proc. Code §§ 425.55(a)(2), (b); *id.* § 425.50(a)(4)(A); Cal. Gov't Code § 70616.5.  These
5    additional requirements define "high-frequency litigants" as "[a] plaintiff who has filed 10 or more
6    complaints alleging a construction-related accessibility violation within the 12-month period
7    immediately preceding the filing of the current complaint alleging a construction-related
8    accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1).
9        However, what resulted was a "wholesale shifting" of these cases into federal court by
10   plaintiffs and their attorneys seeking to avoid the heightened procedural requirements in state
11   court, which the Ninth Circuit believes "threatens to substantially thwart California's carefully
12   crafted reforms in this area and to deprive the state courts of their critical role in effectuating the
13   policies underlying those reforms." *Arroyo*, 19 F.4th at 1213.  "These circumstances are
14   'exceptional' in any meaningful sense of the term." *Id*.  At the time Plaintiff filed this case, he had
15   already filed at least 17 other cases in this District in the previous year.  Therefore, the Court
16   "cannot stray from *Arroyo*'s conclusion that the first prong of the [Section] 1367(c)(4) inquiry is
17   met." *Vo*, 49 F.4th at 1171.[2]
18       Turning to the second part of the inquiry—whether there are other compelling reasons for
19   declining jurisdiction—the Court considers the *Gibbs* values of economy, convenience, fairness,
20   and comity. *Arroyo*, 19 F.4th at 1210.  Importantly, this case is at an early stage of the litigation—
21   the case has not moved past the pleading stage, and the merits of Plaintiff's claims have not yet
22   been addressed.  *See Vo*, 49 F.4th at 1168, 1171 (affirming district court's decision to decline

---

[2] Plaintiff argues Defendant fails to provide any evidence that he is a high-frequency litigant. Opp'n at 2-3.  However, as noted, Plaintiff has filed at least 17 other cases in this District in the past year.  Regardless, "the Court need not determine whether he is in fact a high-frequency litigant." *Sepulveda v. Isa*, 2024 WL 4231089, at *4 (N.D. Cal. Aug. 1, 2024), *report and recommendation adopted, Sepulveda v. Isa*, 2024 WL 4231088 (N.D. Cal. Aug. 20, 2024) (citing *Vo*, 49 F.4th at 1173 ("Forcing the district court to determine [if the plaintiff was a high-frequency litigant and if she had satisfied the heightened pleading requirements] would itself run afoul of the *Gibbs* values—especially comity.").  It is not necessary for the Court's Section 1367(c)(4) inquiry and would "deprive the state courts of their critical role in effectuating the policies underlying [the California legislature] reforms." *Arroyo*, 19 F.4th at 1213.

1 supplemental jurisdiction where default had been entered and the plaintiff moved for default

2 judgment); *Sepulveda v. Taqueria y Carniceria Martinez LLC*, 2024 WL 69066, at *2 (N.D. Cal.

3 Jan. 5, 2024) (finding the *Gibbs* values provided compelling reasons for declining jurisdiction

4 where the case had not advanced past the pleading stage); c*ompare Arroyo*, 19 F.4th at 1214

5 (finding that the *Gibbs* values did not support declining supplemental jurisdiction where the case

6 was at a "very late stage," as the court had already granted summary judgment on the ADA claim).

7     On the other hand, if the Court declines to exercise jurisdiction over Plaintiff's Unruh Act

8 claim, he would be forced to file an entirely new lawsuit in state court if he chooses to pursue it.

9 "But the fact that the litigation could prove duplicative or increase costs does not, in light of the

10 other considerations, warrant retaining jurisdiction." *Sepulveda v. Taqueria y Carniceria*

11 *Martinez LLC*, 2023 WL 9110923, at *3 (N.D. Cal. Nov. 20, 2023), *report and recommendation*

12 *adopted*, 2024 WL 69066 (N.D. Cal. Jan. 5, 2024) (citing *Garibay v. Rodriguez*, 2019 WL

13 5204294, at *6 (C.D. Cal. Aug. 27, 2019) ("[I]f plaintiff legitimately seeks to litigate this action in

14 a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the

15 requirements California has imposed on such actions."). "More importantly, it is California's

16 prerogative to impose a heightened filing fee for high-frequency litigants to curb abusive practices

17 by certain plaintiffs and their attorneys bringing disability accommodation suits, at the risk of the

18 fee being unduly paid by defendants." *Id.* The Court finds it would undermine comity and

19 fairness to permit Plaintiff to proceed with his state law claim regardless of California's policy

20 concerns. *See Vo*, 49 F.4th at 1168-69 ("[I]t would not be fair to the defendants if plaintiffs could

21 bypass the limitations California state law has imposed on Unruh Act claims by simply bringing

22 them in federal court," as "allowing federal courts to be an escape hatch for plaintiffs seeking to

23 avoid the heightened requirements would be an affront to the comity between federal and state

24 courts.") (internal quotations omitted).

25     Accordingly, based on the two-step inquiry under Section 1367(c)(4), the Court concludes

26 that this case presents exceptional circumstances such that there are other compelling reasons for

27 declining supplemental jurisdiction over Plaintiff's state law claims. This is the same conclusion

28 that numerous courts have reached after *Arroyo* and *Vo*. *See, e.g., Sepulveda v. Isa*, 2024 WL

4231089, at *4 (N.D. Cal. Aug. 1, 2024), *report and recommendation adopted*, 2024 WL 4231088 (N.D. Cal. Aug. 20, 2024); *Taqueria y Carniceria Martinez LLC*, 2024 WL 69066, at *2; *Sepulveda v. Kobaree,* 2023 WL 5020267, at *2 (N.D. Cal. Aug. 4, 2023); *Gilbert v. Singh*, 2023 WL 2239335, at *2 (E.D. Cal. Feb. 27, 2023); *Garcia v. Maciel*, 2022 WL 395316, at *3 (N.D. Cal. Feb. 9, 2022).

## V.  CONCLUSION

For the reasons stated above, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, pursuant to 28 U.S.C. § 1367(c)(4) and hereby **DISMISSES** his second cause of action without prejudice to re-filing in state court.

**IT IS SO ORDERED.**

Dated: November 20, 2024

THOMAS S. HIXSON
United States Magistrate Judge