UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>   Plaintiff,<br><br>  v.<br><br>KATHERINE S. LEE,<br><br>   Defendant. | Case No. 24-cv-04228-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

## I. INTRODUCTION

Plaintiff David Robinson brings this Americans with Disabilities Act case against Defendant Katherine S. Lee based on architectural barriers he encountered at Loard's Ice Cream in Oakland, California. Defendant now moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing Plaintiff's claims are moot because all the barriers alleged in Plaintiff's complaint have been removed. ECF No. 22. Plaintiff filed an Opposition (ECF No. 23) and Defendant filed a Reply (ECF No. 24). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 13, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II. BACKGROUND

Plaintiff is a paraplegic who requires a wheelchair to facilitate his mobility because of a spinal cord injury. Compl. ¶¶ 9-10, ECF No. 1. Defendant owns Loard's Ice Cream, located at 5942 MacArthur Boulevard in Oakland, California. *Id.* ¶¶ 1, 4. On June 21, 2024, Plaintiff went to visit Loard's to get some ice cream, but he encountered physical barriers in the form of a

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 12.

1   disabled parking space that was "not well maintained" and lacked signage, and a path of travel
2   into Loard's that was obstructed by multiple standing signs on the pathway. *Id.* ¶¶ 15-19.
3         Plaintiff filed this case on July 15, 2024, alleging two causes of action: (1) violation of the
4   Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; and (2) violation of the
5   Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. *Id.* ¶¶ 26-55. On November 20, 2024, the
6   Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and
7   dismissed it without prejudice to re-filing in state court. ECF No. 17; *Robinson v. Lee*, 2024 WL
8   4859083, at *1 (N.D. Cal. Nov. 20, 2024). Thus, Plaintiff's ADA claim is all that remains
9   pending.
10        Defendant filed the present motion to dismiss on January 31, 2025.

### III.  LEGAL STANDARD

12        Federal district courts are courts of limited jurisdiction: "They possess only that power
13  authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*
14  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t
15  is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing
16  the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto.*
17  *Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).
18        Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit
19  for lack of subject matter jurisdiction. "Mootness . . . pertain[s] to a federal court's subject-matter
20  jurisdiction under Article III, [so it is] properly raised in a motion to dismiss under Federal Rule of
21  Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A jurisdictional
22  challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.
23  2004). Where the attack is facial, the court determines whether the allegations contained in the
24  complaint are sufficient on their face to invoke federal jurisdiction, accepting all material
25  allegations in the complaint as true and construing them in favor of the party asserting jurisdiction.
26  *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, "the court need not
27  presume the truthfulness of the plaintiff's allegations," and may review extrinsic evidence beyond
28  the complaint without converting a motion to dismiss into one for summary judgment. *Safe Air*

*for Everyone*, 373 F.3d at 1039. "However, when the jurisdictional issue and the merits are 'intertwined,' or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss." *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039.

In this case, the question of whether there are violations of the ADA at Loard's Ice Cream is determinative of both subject matter jurisdiction and the substantive claim for relief. The Court will therefore treat the motion to dismiss for mootness as a motion for summary judgment. *See Robinson v. Four Bells Mkt. & Liquor, Inc.*, 2023 WL 4747375, at *2 (N.D. Cal. July 24, 2023) (treating 12(b)(1) motion to dismiss ADA claim for mootness as a motion for summary judgment); *Whitaker v. Oak & Fort Enter. (U.S.), Inc.*, 2022 WL 3030527, at *2 (N.D. Cal. Aug. 1, 2022) (same). Applying the summary judgment standard, the moving party, Defendant, must establish that "there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in Plaintiff's favor. *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002 (9th Cir. 2019). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the Court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Savage v. Glendale Union High Sch. Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## IV.  DISCUSSION

A claimed remedy might become moot if "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000); *United States v. Concentrated*

3

1  *Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968). "Because a private plaintiff can sue only for
2  injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal
3  of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v.*
4  *Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). "A defendant claiming that its voluntary
5  compliance moots a case bears a formidable burden." *Johnson v. Case Ventures, LLC*, 2020 WL
6  4747908, at *2 (N.D. Cal. Aug. 17, 2020) (quoting *Friends of the Earth, Inc.*, 528 U.S. at 170).

Here, Defendant has submitted evidence showing that all the ADA barriers alleged in Plaintiff's complaint have been removed. Following service of this lawsuit, Defendant hired We Love Paving, Inc. (California corporation number 4198793, California State Licensing Board number 1049649). Mac Bride Decl. ¶ 4, ECF No. 21-2. We Love Painting submitted plans to the City of Oakland, which were approved in October 2024, and subsequently "built out" at the facility. *Id.* ¶¶ 4, 6; Mot., Ex. 1 (City of Oakland Building Department approval). Defendant then hired Certified Access Specialist ("CASp") Mike Miyaki to conduct an inspection. *Id.* ¶ 4; Miyaki Decl. ¶ 4, ECF No. 21-1. Miyaki conducted an inspection of the facility on December 12, 2024, and subsequently produced a report dated January 9, 2025. Miyaki Decl. ¶ 4 & Ex. 2 (CASp Report). In his inspection, Miyaki determined the facility is compliant with federal and state disability access law, finding:

> The new van accessible parking space has the required width, length, striping, and signage. The slopes in the accessible parking space and access aisle are 2% or less. The walkway from the accessible parking to the entry door at Loard's Ice Cream has a clear width of at least 48". There are no obstructions along the walkway. The interior path of travel through the shop is at least 36" wide and clear of any obstructions. The sales counter is 34" high and at least 36" long. These elements meet current CBC and ADA standards. No further action is required.

CASp Report at 23.

On January 10, 2025, Defendant's counsel emailed Miyaki's report to Plaintiff's counsel. Mac Bride Decl. ¶ 5. Counsel subsequently sent a second email on January 21, 2025, requesting Plaintiff indicate if he had reason to believe the facility is not compliant and indicating Plaintiff could inspect the facility if he wished to do so. *Id.* ¶¶ 5-6; Mot., Ex. 2 (1/21/2025 email). Defendant's counsel states, as far as he is aware, Plaintiff has not sent his expert or anyone else to

verify the updated situation at the subject property in the light of the representation that remediation has taken place, and he has not been advised by Plaintiff's counsel that Plaintiff has any reason to believe that barriers still exist. Mac Bride Decl. ¶ 5.

In opposition to Defendant's motion, Plaintiff does not present any evidence to contradict Defendant's evidence but instead argues Miyaki's declaration contains inadequate layperson opinion testimony. Opp'n at 3-4. This argument is not convincing. Miyaki declares he prepared a report regarding his examination of the property, and Defendant has separately submitted this report attached to Miyaki's declaration. *See* Miyaki Decl. ¶ 4 & Ex. 2 (CASp Report). The report contains an account of Miyaki's inspection of the property, including measurements taken and photos. Miyaki's declaration, together with his CASp report, provide adequate support for his expert conclusion that the ADA barriers at the property have been resolved. *See Four Bells Mkt. & Liquor, Inc.*, 2023 WL 4747375, at *3 (declaration and report by CASp expert sufficient to demonstrate there were no remaining barriers); *Johnson v. Reimal Fam. Ltd. P'ship*, 2021 WL 428631, at *4 (N.D. Cal. Feb. 8, 2021) (same); *Gastelum v. Burlington Stores, Inc.*, 2022 WL 4625122, at *5 (N.D. Cal. Sept. 30, 2022) ("In addition, Mr. Gastelum appears to object to Mr. Whang's declaration because Mr. Whang is not an expert. This objection is not well-taken. Mr. Whang's declaration reports on objective measurements and other documentation showing the absence of the structural barriers alleged in the FAC as a factual matter. The Court is not persuaded that these observations cannot be made and attested to by a lay witness. Indeed, this district's General Order 56 'does not require any party to engage an expert including a Certified Access Specialist (CASp).'"). Accordingly, the Court concludes that Defendant has submitted adequate evidence to demonstrate the alleged barriers have been remediated.

Plaintiff also argues Defendant's motion is premature under General Order 56 because the parties have not had an opportunity to conduct "comprehensive site inspections and barrier identification." Opp'n at 1. While the Northern District's General Order No. 56 does impose a stay in ADA cases, it specifically does not stay "motions under Rule 12(b)." General Order 56 ¶ 3. Courts in this District have repeatedly rejected the argument that General Order 56 poses a bar to motions to dismiss before discovery. *See Four Bells Mkt. & Liquor, Inc.*, 2023 WL 4747375, at

5

1  *3; *Moralez v. Whole Foods Mkt., Inc.*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012); *Johnson v.*
2  *1082 El Camino Real, L.P.*, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) ("This Court also
3  finds that General Order 56 does not preclude Defendants from bringing the instant motion to
4  dismiss for lack of subject matter jurisdiction"); *Johnson v. Torres Enterprises LP*, 2019 WL
5  285198, *2 (N.D. Cal. Jan. 22, 2019) ("General Order 56 does not bar defendants from bringing a
6  motion to dismiss for lack of subject matter jurisdiction, but even if the Order did bar such
7  motions, the Court exercises its discretion to permit defendants' challenge here.").

8        Further, General Order 56 does not bar parties from engaging in voluntary site inspections, nor does it excuse Plaintiff's failure to inspect the property improvements here. "The purpose of General Order 56 is to encourage the parties to cooperate to resolve ADA claims quickly and efficiently with minimal cost." *Four Bells Mkt. & Liquor, Inc.*, 2023 WL 4747375, at *4 (citing General Order 56 ¶ 5 (encouraging early settlement discussions); ¶ 7 (requiring the parties to conduct a joint site inspection within 60 days of service of the complaint)). "It should not be read as an impediment to engage in voluntary site visits or inspections aimed at resolving claims. And even if the discovery stay could be read to prohibit such voluntary inspections, the order specifically permits the parties to 'lift the stay to conduct specific discovery' by submitting a request by stipulation or administrative motion to the court." *Id.* (quoting General Order 56 ¶ 3). General Order No. 56 poses no barrier to good faith cooperation between the parties. There is no reason Plaintiff could not have reinspected the property as Defendant requested. Thus, the Court finds Plaintiff's "failure to submit competing evidence regarding the current state of the property is the result of his own strategic choices and does not justify denying Defendant's motion." *Id.* at *4.

      Plaintiff also argues that "[t]he entire reason [he] had to sue was because Defendant did not maintain her parking lot consistent with the law. Moreover, it is obvious that parking spaces fade over time and thus require repeated resurfacing[.]" Opp'n at 4. It is true that, for the voluntary removal of the barriers to moot the ADA claim, there must not be a "sufficient likelihood that [the plaintiff] will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). However, "[c]ourts have held that where structural modifications are made, then it is

6

absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since structural modification[s] undo the offending conduct." *Johnson v. Opa Campbell LP*, 2021 WL 3493712, at *3 (N.D. Cal. Aug. 9, 2021) (quoting *Zaldivar v. City of San Diego*, 2016 WL 5118534, at *10 (S.D. Cal. Sept. 21, 2016)).  This includes painting parking spaces. *See Four Bells Mkt. & Liquor, Inc.*, 2023 WL 4747375, at *4 (finding Robinson was not likely to be wronged again in a similar way despite his argument that "while Defendant claims it has painted a new public-way and re-painted the parking spaces, that in and of itself would not demonstrate that the violation is not likely to reoccur. Put simply, paint fades."); *see also Case Ventures, LLC*, 2020 WL 4747908, at *3 ("Because Defendant has made structural changes to its [parking and paths of travel] to remedy the alleged violations, it is 'absolutely clear that the allegedly wrongful behavior [can] not reasonably be expected to recur.'") (quoting *Friends of the Earth, Inc.*, 528 U.S. at 170); *Reimal Fam. Ltd. P'ship*, 2021 WL 428631, at *1 (where plaintiff alleged parking was not in compliance with ADA requirements, court held claims were moot where defendant submitted declaration of CASp expert showing violations had been remedied); *contrast with Johnson v. Supakam Corp.*, 2022 WL 767615, at *6 (N.D. Cal. Mar. 11, 2022) (finding claims were not moot where remedy to ADA complaint required daily compliance with employee policies).  Thus, given the structural changes, the Court finds Defendant has satisfied her burden to show Plaintiff will not be wronged again in a similar way.

Finally, Plaintiff argues "Defendant herself has not even attempted to present the Court with admissible evidence regarding her policies and procedures, if any, that would show that her inattentive maintenance of her parking will not reoccur in the future.  In other words, while Defendant claims that her accessible parking meets applicable standards as of the date that this motion was filed, Defendant has not made any factual showing that she will ensure compliance moving forward into the future." Opp'n at 4.  However, there is no evidence that Defendant has a history of violating the ADA. *Cf. Lozano v. C.A. Martinez Fam. Ltd. P'ship*, 129 F. Supp. 3d 967, 971 (S.D. Cal. 2015) (noting the defendants' history of ADA noncompliance).  Plaintiff "also presents no evidence indicating an intent by Defendant to violate the ADA in the future.  'The dearth of evidence showing past ADA violations or an intent to violate in the future indicates that

future violations are not reasonably likely to occur.'" *Four Bells Mkt. & Liquor, Inc.*, 2023 WL 4747375, at *5 (quoting *Johnson v. LMT Foods, Inc.*, 2022 WL 2343045, at *4 (N.D. Cal. June 29, 2022)); *cf. Clavo v. Zarrabian*, 2004 WL 3709049, at *4 (C.D. Cal. May 17, 2004) (holding that the plaintiff's ADA claim was not moot where the defendants had "an entrenched policy of blocking access to" a "wheelchair accessible gate and check-out aisle" and the defendants "failed to change that policy until after th[e] case was filed"); *Watanabe v. Home Depot USA, Inc.*, 2003 WL 24272650, at *4 (C.D. Cal. July 14, 2003) (finding that the plaintiff's ADA claim was not moot where the defendant did not change their policies and procedures to prevent future ADA violations and there was no indication that the defendant intended to comply with ADA).

In sum, the Court finds Defendant has met her burden of showing all the barriers alleged in Plaintiff's complaint have been removed, the alleged wrongful behavior is not reasonably likely to recur, and Plaintiff's ADA claim is therefore moot. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's ADA claim.

### V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss. The Court shall enter a separate judgment, after which the Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 11, 2025

THOMAS S. HIXSON
United States Magistrate Judge